IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

NATHAN SOLLISH,

    Petitioner,

v.

BRIAN BELLEQUE,

    Respondent.

Civil No. 07-1225-BR

OPINION AND ORDER

**RANKIN JOHNSON IV**
Law Office of Rankin Johnson IV, LLC
The Pennoyer Building
714 SW 20th Place
Portland, OR  97205

    Attorney for Petitioner

**JOHN R. KROGER**
Attorney General
**JACQUELINE SADKER KAMINS**
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR  97301

    Attorneys for Respondent

1 - OPINION AND ORDER -

**BROWN, Judge.**

Petitioner brings this habeas corpus action pursuant to 28 U.S.C. § 2254. For the reasons that follow, the Court **DENIES** the Amended Petition for Writ of Habeas Corpus.

## BACKGROUND

On September 23, 2001, Petitioner shot and killed his neighbor, Henry Guelld. On November 21, 2001, a Lane County grand jury indicted Petitioner on one charge of Murder with a Firearm.

Petitioner's case was tried to a jury. At trial, Petitioner presented evidence of a long-standing feud with Mr. Guelld. Although Petitioner admitted he shot Mr. Guelld, Petitioner argued he acted in self-defense. Petitioner also presented expert testimony that he suffered from a mental disease or defect at the time of the shooting.

Nonetheless, the jury convicted Petitioner. On September 11, 2002, the trial judge entered Judgment imposing a sentence of life imprisonment with a 300-month minimum period of confinement.

Petitioner filed a direct appeal. The Oregon Court of Appeals affirmed without opinion and the Oregon Supreme Court denied review. *State v. Sollish*, 189 Or. App. 492, 76 P.3d 690, *rev. denied*, 336 Or. 126, 81 P.3d 709 (2003).

Petitioner then sought state post-conviction relief ("PCR"). Following an evidentiary hearing, the PCR trial judge denied

relief.  Petitioner appealed, but the Oregon Court of Appeals affirmed without opinion and the Oregon Supreme Court denied review.  *Sollish v. Hall*, 213 Or. App. 391, 161 P.3d 955, *rev. denied*, 343 Or. 186, 165 P.3d 371, *and rev. denied*, 343 Or. 223, 168 P.3d 1154 (2007).

On August 16, 2007, Petitioner filed his habeas corpus action in this Court.  In his Amended Petition for Writ of Habeas Corpus, Petitioner alleges two claims for relief:

> **Ground One:**  Ineffective Assistance of Counsel.
> **Supporting Facts:**  Trial counsel failed to seek an appropriate sanction for the state's destruction of evidence relating to Mr. Guelld watering his tomato garden.  Such sanctions could have included a jury instruction on the spoliation of evidence, exclusion of related evidence, or dismissal of the charges.
>
> **Ground Two:**  Violation of the right to due process.
> **Supporting Facts:**  Petitioner's right to due process was violated by the destruction of potentially exculpatory evidence related to Mr. Guelld's watering of the garden.

Respondent argues Petitioner waived the claim alleged in Ground Two because he did not address the claim in his Memorandum in Support and, in any event, because he procedurally defaulted this claim.  Respondent also argues the state PCR court's decision denying relief on the claim alleged in Ground One is entitled to deference and, therefore, Petitioner is not entitled to habeas corpus relief in this Court.

3 - OPINION AND ORDER -

**DISCUSSION**

**I.   Procedural Default**

    **A.   Legal Standards**

Generally, a state prisoner must exhaust all available state court remedies either on direct appeal or through collateral proceedings before a federal court may grant habeas corpus relief. 28 U.S.C. § 2254(b)(1). The exhaustion requirement is "grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of a state prisoner's federal rights. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

A state prisoner satisfies the exhaustion requirement by fairly presenting his claims to the appropriate state courts at all appellate stages offered under state law. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *Casey v. Moore*, 386 F.3d 896, 915-16 (9th Cir. 2004). A "fair presentation" requires that a petitioner describe the operative facts and the federal legal theory on which he bases his claim in a procedural context in which the claims may be considered. *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008); *accord Castille v. Peoples*, 489 U.S. 346, 351 (1989); *Peterson v. Lampert*, 319 F.3d 1153, 1155-56 (9th Cir. 2003).

Generally, when a state allows review of a constitutional violation either on direct appeal or by collateral attack, a

4 - OPINION AND ORDER -

prisoner need exhaust only one avenue before seeking habeas corpus relief. *Turner v. Compoy*, 827 F.2d 526, 529 (9th Cir. 1987), *cert. denied*, 489 U.S. 1059 (1989). However, if a state "mandates a particular procedure to be used to the exclusion of other avenues of seeking relief" the correct avenue must be fully exhausted. *Id.* "In Oregon, most trial errors must be raised by direct appeal to the Oregon Court of Appeals." *Kellotat v. Cupp*, 719 F.2d 1027, 1030 (9th Cir. 1983).

When a state prisoner fails to exhaust his federal claims in state court, and the state court would now find the claims barred under applicable state rules, the federal claims are procedurally defaulted. *Casey*, 386 F.3d at 920; *Coleman*, 501 U.S. at 735 n.1. Habeas review of procedurally defaulted claims is barred unless the petitioner demonstrates cause for the procedural default and actual prejudice, or that the failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750.

    **B.    Analysis**

In his direct appeal, Petitioner's court-appointed attorney filed a brief pursuant to *State v. Balfour*, 311 Or. 434, 814 P.2e 1069 (1991).[1] In his *pro se* Part B submission, Petitioner raised

---

[1] Upon concluding that only frivolous issues exist on appeal, a *Balfour* brief allows appointed counsel to meet constitutional requirement of "active advocacy" without violating rules of professional conduct. Section A, signed by counsel, contains a

5 - OPINION AND ORDER -

one ground for relief challenging the sufficiency of the evidence relating to his mental state. Petitioner did not raise a destruction of evidence or due process challenge as alleged in Ground Two of his habeas corpus Petition in this proceeding. Because Petitioner failed to present the due process claim alleged in Ground Two to the state courts and the time to do so has now expired, he procedurally defaulted this claim for relief. Moreover, Petitioner makes no showing of cause and prejudice or a fundamental miscarriage of justice excusing his procedural default. Accordingly, this Court must deny habeas corpus relief on the claim alleged in Ground Two.

## II. Relief on the Merits

### A. Legal Standards

Under 28 U.S.C. § 2254(e)(1), as amended by the Antiterrorism and Effective Death Penalty Act of 1996, habeas corpus relief may not be granted on any claim that was adjudicated on the merits in state court, unless the adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or

---

statement of the case, including a statement of facts, sufficient to apprise the court of the jurisdictional basis for the appeal, but contains no assignments of error or argument. Section B, signed only by the appellant, is a presentation of the issues that appellant seeks to raise but that counsel considers to be frivolous. *Balfour*, 311 Or. 434 at 451-52.

6 - OPINION AND ORDER -

>   (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A state court decision is not considered "contrary to" established Supreme Court precedent unless it "applies a rule that contradicts the governing law set forth in [Supreme Court cases]" or "confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [Supreme Court] precedent." *Lockyer v. Andrade*, 538 U.S. 63, 73 (2003). A federal habeas court cannot overturn a state decision "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Williams v. Taylor*, 529 U.S. 362, 409 (2000).

The Supreme Court has established a two-part test to determine whether a defendant has received ineffective assistance of counsel. Under this test, a petitioner must prove that counsel's performance fell below an objective standard of reasonableness, and that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-888 (1987).

To prove a deficient performance of counsel, a petitioner must demonstrate that trial counsel "made errors that a reasonably competent attorney as a diligent and conscientious advocate would

7 - OPINION AND ORDER -

not have made." *Butcher v. Marquez*, 758 F.2d 373, 376 (9th Cir. 1985). The test is whether the assistance was reasonably effective under the circumstances, and judicial scrutiny must be highly deferential, with the court indulging a presumption that the attorney's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689.

To establish the second prong of the *Strickland* test, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. In determining whether a defendant was prejudiced by ineffective assistance of counsel, the court should examine whether the "'result of the proceeding was fundamentally unfair or unreliable.'" *United States v. Palomba*, 31 F.3d 1456, 1460-61 (9th Cir.1994) (*quoting Lockhart v. Fretwell*, 506 U.S. 364, 368 (1993)).

**B. Analysis**

Petitioner argues trial counsel provided constitutionally ineffective assistance of counsel because he did not move for a spoliation-of-evidence instruction or an outright dismissal after a responding Emergency Medical Technician ("EMT") testified she altered the crime scene.

The PCR trial judge rejected this claim:

> THE COURT:  . . .  The EMT watering down the flowers certainly had no effect upon any factor here, although I would think it's a little unusual.  I guess she anticipated that nobody was going to be there for a while to take care of them, and they were going to do their jobs, but it certainly didn't affect any evidence in the case, and it didn't have any effect upon the outcome of the case in any way, shape, or for, and it didn't permeate any evidence which would have been exculpatory in any way, shape, or form insofar as the shooting was concerned.
>
> * * *
>
> The evidence is pretty overwhelming in the case that it was fair trial, and it was well handled in the courtroom, and that [Petitioner] was not prejudiced -- I mean, the petitioner was not prejudiced by any actions taken by his attorney.  The attorney acted in a reasonable manner.  He was effective insofar as the manner in which he handled the situation, and he was certainly not -- certainly not inadequate in any of the particulars that I give, and certainly not the particulars which were set forth in the petition.

Resp. Exh. 124, pp. 6-7.  This Court agrees.

As noted, Petitioner testified at trial that he shot the victim in self-defense as the victim approached Petitioner's house.  The state, however, offered evidence that the victim was watering his tomato garden when Petitioner shot him.

One of the EMTs who responded to the shooting testified that, after determining the victim was dead, and while waiting for the police to arrive, she noticed a garden hose had been left running at one end of the victim's tomato garden.  She noted that the tomatoes were only partially watered, and, concerned that the well

9 - OPINION AND ORDER -

would eventually run dry if the hose was left to run, she finished watering the plants and turned the water off.  She also testified she later realized that she should not have done so because the hose and tomato garden were part of a crime scene which should not have been altered.

Petitioner argues this alteration of the crime scene violated his due process rights because, if the EMT had not watered the garden, the evidence would have shown the victim was not doing so when he was shot.  The trial transcript, however, does not support Petitioner's argument.

Petitioner's neighbor, Lawrence Korthof, who first discovered the victim, also testified about the hose.  Korthof testified that when he found the victim, a hose was running at the end of the tomato garden.  He described the scene:

> Q:   . . . Did you notice that the hose was on?
>
> A.   Well, when I found Mr. Guelld, the water hose was still running right at the end.  It was obvious that he hadn't watered very long.  I guess when he got hit he dropped the hose right -- you know, just the water had only run on one end of the patch, and it was still running when I found him.

Resp. Exh. 104, p. 86.

Both the neighbor and the EMT testified that the hose was running and the garden appeared partially watered when they arrived upon the scene.  Petitioner does not offer any rational argument establishing that the EMT's conduct rose to the level of

10 - OPINION AND ORDER -

a due process violation.  As such, Petitioner's trial attorney was not deficient in failing to object to the evidence, ask for a spoliation of evidence instruction, or move for dismissal of the charges.

The PCR trial court's denial of relief on this claim was not contrary to or an unreasonable application of clearly established federal law, and is entitled to deference in this Court. Accordingly, Petitioner is not entitled to habeas corpus relief on the claim alleged in Ground One of his Amended Petition.

## CONCLUSION

For these reasons, the Court **DENIES** the Amended Petition for Writ of Habeas Corpus and **DISMISSES** this action.

IT IS FURTHER ORDERED that, should Petitioner appeal, the Court **DENIES** a certificate of appealability as Petitioner has not made a substantial showing of the denial of a constitutional right.  *See* 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this  9th   day of December, 2009.

                    /s/ Anna J. Brown
                      ANNA J. BROWN
                      United States District Judge